# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEDRICK SIMMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6748** |
| **DARREL VANNOY, WARDEN** | **SECTION B(2)** |

## ORDER AND REASONS

On June 12, 2019 the Magistrate Judge issued a Report and Recommendation ("Report") to deny and dismiss with prejudice the instant petition for § 2254 habeas relief. Rec. Doc. 16. *Pro Se* Petitioner Sedrick Simms timely filed objections to the Report. Rec. Doc. 17. For the reasons enumerated below,

**IT IS ORDERED** that Simms' objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation are **ADOPTED** as the opinion of the court, dismissing the captioned action.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 28, 2012 Simms was charged with one count of armed robbery and one count of possession of a weapon by a convicted felon. St. Rec. Vol. 1 of 8, Bill of Information, 2/28/12. Following a two-day trial in August of 2012 in the Orleans Parish Criminal District Court, a jury found Simms guilty on both counts. Subsequently, the State filed a multiple bill charging Simms as a

1

second offender. On December 12, 2012 the state trial court denied Simms' motions for a new trial and a post-verdict judgement of acquittal. Eventually, the state trial court sentenced Simms to thirty (30) years in prison for armed robbery and twenty (20) years in prison for possession of a firearm by a convicted felon, and ordered both sentences be served without benefit of parole, probation, or suspension of sentence. Following hearing in April 2013, the state trial court found Simms to be a second felony offender as to the armed robbery conviction. Consequently, the state trial court vacated the prior sentence and resentenced Simms to seventy (70) years in prison without benefit of parole, probation or suspension of sentence for armed robbery as a multiple offender. Further, the court denied Simms' motion to reconsider the sentence.

On appeal, counsel for Simms argued that the trial court erred in denying their motion for mistrial alleging improper statements made during the State's rebuttal argument. On June 18, 2014, the Louisiana Fourth Circuit Court of Appeal affirmed Simms' conviction, finding counselor's argument meritless. However, that state appellate court did find two patent errors in the sentencing proceedings. First, the state trial court failed to impose the mandatory fine as part of the sentence for a felon in possession. Second, the state trial court erred in not indicating "whether the 70-year multiple offender sentence for armed robbery included the

mandatory, consecutive five-year penalty for a crime committed with a firearm." After reviewing pertinent facts and law, the state appellate court affirmed Simms' convictions and remanded the matter for resentencing to impose above-noted enhancements. *State v. Simms*, 143 So.3d 1258, 1261-68 (La.App. 4 Cir. 6/18/14). On December 15, 2014 the state trial court on remand resentenced petitioner as a second felony offender to serve sixty-five (65) years in prison in addition to a consecutive firearm penalty of five (5) years imprisonment. The state trial court ordered each sentence to run without the benefit of parole, probation, or suspension.

On February 27, 2015, the Louisiana Supreme Court denied petitioner Simms' related writ application, without assigning reasons. *State v. Simms*, 160 So.3d 863 (La. 2015). Ninety (90) days later, petitioner's convictions and sentences became final on May 28, 2015 when he failed to file a writ of certiorari with the United States Supreme Court. 28 U.S.C. § 2254(d)(1)(A). In March of 2016, petitioner submitted an application for post-conviction relief to the state trial court, asserting four grounds for relief: (1) prosecutor's comments regarding petitioner's failure to testify amounted to prosecutorial misconduct; (2) the State violated petitioner's right to a fair trial by mentioning evidence of other crimes; (3) petitioner received ineffective trial counsel for the following reasons: (a) failure to call

3

witnesses to testify; (b) failure to move for a mistrial due to prosecutor's reference to other crimes; (c) failure to object to the trial court's failure to rule on an outstanding motion for trial; and (d) failure to move for severance of charges; and (4) ineffective assistance of counsel on appeal for failure to "assert viable, meritorious claims." On November 18, 2016, the state trial court denied relief on all claims and the Louisiana Fourth Circuit denied the related writ application. Approximately 7 months later, the Louisiana State Supreme Court denied petitioner's writ application due to petitioner's failure to show lack of assistance under the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).

On July 17, 2018, petitioner filed a federal habeas corpus petition based on the four previously enumerated reasons. In response, the State filed an opposition asserting petitioner failed to exhaust state court review of the second and third claims and, alternatively, that petitioner's claims lack merit.

In February of 2019, petitioner was granted leave to amend his petition and remove the unexhausted claims. On June 12, 2019, petitioner's instant amended petition was filed.

## LAW AND FINDINGS

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls this court's review of a 28 U.S.C. § 2254 habeas

corpus petition. *See Poree v. Collins*, 866 F.3d 235, 245 (5th Cir. 2017) ("[f]ederal habeas proceedings are subject to the rules prescribed by the Antiterrorism and Effective Death Penalty Act. . . .") Under § 2254, an application for a writ of habeas corpus may be denied on the merits, even if an applicant has failed to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(2); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998). Enacted as part of the AEDPA, the amended subsections 2254(d)(1) and (2) provide the standards of review for questions of fact, questions of law, and mixed questions of both.

For pure questions of fact, factual findings are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus . . . a determination of a factual issue made by a State court shall be presumed to be correct.") The applicant has the burden of rebutting the presumption by clear and convincing evidence. *See id*. However, a writ of habeas corpus may be granted if the adjudication of the claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Hankton v. Boutte,* 2018 U.S. Dist. LEXIS 126899 *1, *10 (E.D. La June 29, 2018).

For pure questions of law and mixed questions of law and fact, a state court's determination is reviewed under § 2254(d)(1). *See*

5

*Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Specifically, with mixed questions, a state court's determination receives deference unless the decision was either contrary to federal law or involved an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1); *Hill*, 210 F.3d at 485.

A state court's decision is contrary to federal law if (1) the state court applies a rule different from the governing law set forth in the Supreme Court's cases or (2) the state court decides a case differently than the Supreme Court when there are "materially indistinguishable facts." *See Poree,* 866 F.3d at 246; *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010). A state court's decision involves an unreasonable application of federal law when it applies a correct legal rule unreasonably to the facts of the case. *See White v. Woodall*, 134 S. Ct. 1697, 1706 (2014). An inquiry under the unreasonable context involves not whether the state court's determination was incorrect, but whether the determination was objectively unreasonable. *Boyer v. Vannoy*, 863 F.3d 428, 454 (5th Cir. 2017).

The court in *Boyer* stated that the determination must not be "merely wrong," and that "clear error" will not be enough to overturn a state court's determination. *See id*; *see also Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (finding that unreasonable is not the same as incorrect, and thus an incorrect application of the law will be affirmed if it is not also

unreasonable). Even if a state court incorrectly applies Supreme Court precedent, that mistake alone does not mean that a petitioner is entitled to habeas relief. *See Puckett*, 641 F.3d at 663.

   **B. <u>Fifth Amendment Right Against Self-Incrimination</u>**

   Petitioner argues that the prosecutor's comment during closing rebuttal argument focused on his decision not to testify, thereby violating Fifth Amendment protections against self-incrimination. That comment was reported as follows:

"[. . .] The only person that came in here and told you that [the victim was mistaken] is this defense attorney. [. . .] Now, he wants to stand up here and talk about what he's saying what he wants to talk about. And you know what's real funny? From the beginning of this trial throughout this entire trial he hasn't spoken once about why in the world . . ."
St. Rec. Vol 7 of 8. Trial Transcript (continued), p. 276, 8/21/12.

   In sustaining Simms' counsel objection to that comment, the state trial court reminded the state prosecutor that the defense had no burden of proof and did not have to call witnesses. *Id.* at p. 277. Defense counsel's motions for mistrial were rejected by the state trial and appellate courts. The Louisiana Fourth Circuit found that the comment was not directed at Simms but addressed to his defense counsel. As such, the court reasoned that the comment provided no basis for mistrial and, moreover, did not contribute

7

to the jury's verdict. St. Rec. Vol. 8 of 9, Writ Action 2016-K-1300. A related writ application was denied on May 18, 2018 by the Louisiana State Supreme Court. *Id.,* Writ Action 2017-KH-0378.

The Fifth Amendment prohibits "either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin v. California*, 380 U.S. 609, 615 (1965). A prosecutor's remarks must be considered in the context of the situation in which they were made. *United States v. Delgado*, 672 F.3d 320, 335 (5th Cir. 2012). If there is another "equally plausible" explanation for a prosecutor's remarks then no intent to comment on a defendant's failure to testify exists. *Lee v. Michael*, 476 F.App'x 29, 31 (5th Cir. 2012)(citing *United States v. Collins*, 972 F.2d 1385, 1406 (5th Cir. 1992)). Moreover, the proper question is not whether "the jury possibly or even probably" viewed the remark as indicative of the Petitioner's guilt, but "whether the jury necessarily would have done so." *United States v. Grosz*, 76 F.3d 1318, 1326 (5th Cir. 1996). Finally, comments made in "fair response" to claims made by the "defendant or his counsel" are not in violation of the Fifth Amendment. *United States v. Robinson*, 485 U.S. 25, 32 (1988).

In the instant case, petitioner fails to show that the prosecutor's remark evidenced a "manifest intent" to comment on petitioner's silence or that the remarks were construed by the jury as a comment on petitioner's silence. Petitioner's claim that

the fact that the trial court sustained defense counsel's objection is evidence of the prosecutor's "manifest intent" to comment on petitioner's silence ignores the context in which the prosecutor's statements were made and that defense counsel offered no basis for the objection. Thus, petitioner fails to establish a violation of his Fifth Amendment right.

C. **Ineffective Assistance of Trial Counsel**

An ineffective assistance of counsel claim presents a mixed question of law and fact. *See Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2010). Hence, the court must determine whether the state court's denial of relief was contrary to, or an unreasonable application of, federal law, as determined by the U.S. Supreme Court. *See Hill*, 210 F.3d at 485; *see also* 28 U.S.C. § 2254 (d)(1). Courts apply the two-prong test set forth in *Strickland v. Washington* when deciding a challenge to a guilty plea based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under *Strickland*, a petitioner claiming ineffective assistance of counsel must prove: (1) that counsel performed deficiently; and (2) that counsel's deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Moreover, courts may dismiss any claims that fail either prong of the *Strickland* test. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995)("In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive

9

*Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."); *see also Strickland*, 466 U.S. at 697.

To show that counsel's performance was deficient, petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill*, 474 U.S. at 57 (quoting *Strickland*, 466 U.S. at 687-88). Further, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland*, 466 U.S. at 689). Additionally, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). In other words, the petitioner bears the burden of overcoming this presumption. *See Harrington* 562 U.S. at 104.

In order to show that counsel's deficient performance prejudiced the defense, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Avila-Gonzales*, 2018 U.S. App. LEXIS 35950 at *3-4 (5th Cir. Dec. 20, 2018) (citing *Strickland*, 466 U.S. at 694). Further, "[a] reasonable probability is a probability sufficient

to undermine confidence in the outcome." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694). In other words, "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

First, petitioner argues that counsel's failure to call specific witnesses amounted to ineffective assistance of counsel. See Rec. Doc. 17 at 5-7. Failure to present evidence does not automatically constitute "'deficient' performance within the meaning of *Strickland*," if, "for tactical reasons. . .present[ing] such evidence would be unwise." *Williams v. Cain*, 125 F.3d 269, 278 (5th Cir. 1997). Moreover, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Williams v. Cockrell*, 31 F. App'x 832, 2002 WL 180359, at *3 (5th Cir. Jan. 4, 2002) (quoting *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999)). In addition, "'[c]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" *Graves v. Cockrell*, 351 F.3d 143, 156 (5th Cir. 2003) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). In order to prevail on such a claim, petitioner must: "[N]ame the witness, demonstrate that the witness was available to

11

testify and would have done so, set out the content of the witness's proposed testimony and show that the testimony would have been favorable to a particular defense." *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). Finally, Petitioner must also show that failure to call witnesses negatively affected the outcome. *See id.*

Here, petitioner fails to show that any of the uncalled witnesses would have positively impacted the outcome of his trial. In his opposition, petitioner argues that Ms. Wells should have been called to testify given she revealed petitioner's identity to the victim's mother, leading to his arrest. Rec. Doc. 17 at 6. However, police did not arrest petitioner until the victim told police of his whereabouts. Furthermore, given that Ms. Wells told police that the witness's description resembled petitioner, her testimony would not likely have benefitted petitioner. Next, petitioner argues that counsel failed to call his "alibi witness," Mariah Taylor. *See id.* Petitioner's counsel subpoenaed Taylor, but she indicated that she would invoke her Fifth Amendment privilege if called upon to testify. As the Magistrate Judge noted: "It was a reasonable strategy for defense counsel to decide that Taylor's appearance before the jury only for her to invoke the Fifth Amendment could have drawn more attention to the allegation that Simms [petitioner] and Taylor hid the weapon and other evidence

12

from police." Rec. Doc. 16 at 26. Petitioner also asserts that the third witness, Officer Amador, could have discredited the victim's identification. Rec. Doc. 17 at 6. However, petitioner's conclusory assertion fails to establish how Officer Amador's testimony would have accomplished that goal.

Second, petitioner argues that counsel was ineffective for failing to ask for a mistrial following improper remarks made by the prosecution regarding petitioner's prior convictions. *See id.* at 7. However, petitioner's claim is unsupported by the record because his counsel did in fact move for a mistrial. When the prosecution asked about petitioner's prior criminal history, defense counsel objected, and the trial court sustained the objection. Following the close of the defense's case, petitioner's counsel again moved for a mistrial, which the state court denied.

Petitioner's later motion for a new trial, based on the denial of a motion for mistrial, was also denied. A counsel's unsuccessful efforts do not render counsel ineffective. *See Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004); *Baker v. United States*, No. 07cr435, 2011 WL 3841690 (E.D. Va. Aug. 30, 2011). Thus, petitioner fails to establish that his counsel provided ineffective assistance.

Third, petitioner claims that trial counsel was ineffective for failing to object to the trial court's lack of ruling on petitioner's motion for mistrial. The record shows that

petitioner's counsel objected when the prosecutor made improper comments to the jury, and the state trial court sustained the objection, but did not verbalize a ruling on the motion for mistrial.

On appeal, the Louisiana Fourth Circuit determined that, despite the lack of a ruling, petitioner's counsel's motion for a mistrial was sufficient to preserve the issue. Yet, in accordance with this Court's findings, the state found no basis for a mistrial and no constitutional violation stemming from the prosecutor's comments. Lower courts determined that the prosecutor's comment did not violate petitioner's Fifth Amendment rights and the state court's "denial of relief was not contrary to or an unreasonable application of federal law." Counsel is not deficient for failure to make a futile objection. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Petitioner fails to illustrate how his counsel's failure to compel a verbal ruling would have resulted in a different finding by the state or federal courts. Thus, petitioner is not entitled to relief on this claim.

Fourth, petitioner argues that trial counsel was ineffective for failing to file a motion to sever charges. However, petitioner's claims are legally unsupported. According to Louisiana jurisprudence:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of

14

> the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

La. Code Crim. P. art. 493. Furthermore, ". . .the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. Code Crim. P. art. 61. *E.g.*, *State v. Brooks*, 541 So. 2d 801, 810 (La. 1989); *State v. Joles*, 492 So. 2d 490 (La. 1986). Nevertheless, La. Code Crim. P. art 495.1 states that "[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires." Further, Louisiana defines a felony as "any crime for which the offender may be sentenced to death or imprisonment at hard labor," La. Rev. Stat. § 14:2, and that those convicted of armed robbery "shall" be punished at hard labor. La. Rev. Stat. §§ 14:64, 14:951. Correspondingly, felony convictions punishable by confinement at hard labor are to be tried by a twelve-person jury. La. Code Crim. P. art. 782.

By his own admission, petitioner concedes that "charges on which petitioner was tried are triable by the same mode of trial." Rec. Doc. 17 at 11. Petitioner further concedes that the "charges

15

all arise out of the same [f]actual circumstance." *Id.* Petitioner's argument rests upon the assertion that the prosecution lacked evidence that petitioner possessed a firearm and therefore the claims should have been severed in order to prevent prejudice. *See id.* The Fourth Circuit has held that "there is no prejudice and severance is not required if the facts of each offense are not complex, and there is little likelihood that the jury will be confused by the evidence of more than one crime." *State v. Lewis*, 557 So. 2d 980, 984 (La. App. 4th Cir. 1990). Thus, petitioner's claims have no basis in law.

Moreover, the court in *Lewis* laid out five factors for courts to consider in order to determine whether joinder of offenses would result in prejudice:

> (1)Whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant would be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether, considering the nature of the charges, the charging of several crimes would make the jury hostile.

*State v. Lewis*, 736 So. 2d 1004, 1015 (La. App. 4th Cir. 1999).

Here, petitioner fails to illustrate that the jury was impacted in any of the ways listed above. Thus, because petitioner admits that the charges arose from the same incident and petitioner fails to provide evidence of any prejudice resulting from a lack of severance, petitioner is not entitled to relief on this claim.

16

**D. Ineffective Assistance of Appellate Counsel**

Lastly, petitioner claims that appellate counsel was ineffective for failing to argue certain issues on appeal. Specifically, petitioner argues that appellate counsel should have challenged the following: (1) sufficiency of the evidence presented during the multiple offender hearing; and (2) sufficiency of the evidence presented in support of the felon in possession conviction. Rec. Doc. 17 at 12, 15. However, courts have established that appellate counsel is not required to bring forth every non-frivolous claim that might be raised. *See Matthews v. Cain*, 337 F. Supp. 3d 687, 712 (E.D. La. 2018); *West v. Johnson*, 92 F.3d 1385, 1396 (5th Cir. 1996). Rather, appellate counsel is given discretion to use professional judgement when picking claims in order to maximize the likelihood of success on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Further, appellate counsel has discretion to exclude even a non-frivolous issue if that issue is unlikely to prevail. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988).

In order to establish that a defendant is a habitual offender under La. Rev. Stat. § 15:529.1, the State must prove the existence of a prior felony conviction and that the defendant is the same person who was previously convicted. *State v. Shelton*, 621 So. 2d 769 (La. 1993). The State may introduce certified copies of bills of information, waiver of rights guilty plea forms, the docket

17

masters, or minute entries to prove the existence of prior convictions. *See State v. Wilson*, 956 So. 2d 41, 52 (La. App. 4th Cir. 2007). Additionally, matching fingerprints, or other vital information, is required to show that a defendant is the same person identified in those records. *See State v. Walker*, 795 So. 2d 459, 463 (La. App. 5th Cir. 2001), *writ denied*, 826 So. 2d 1115 (La. 2002).

Here, the State produced the type of evidence required to prove petitioner's identity and that he had a prior felony conviction. Additionally, because petitioner did not challenge the evidence presented or suggest that his prior conviction was improper in some way, the State was not required to prove the constitutionality of the plea. *See Shelton*, 621 So. 2d at 779. Thus, there was no reason for petitioner's appellate counsel to assert a claim for insufficient evidence on appeal.

Next, petitioner argues that appellate counsel was ineffective for failing to assert a claim for insufficient evidence because the State did not produce a firearm at trial related to the felon in possession conviction. Rec. Doc. 17 at 15. In order to support a conviction for possession of a firearm by a convicted felon, the State must prove the following: (1) possession of a firearm; (2) a prior conviction for an enumerated felony; (3) the absence of the ten-year statutory limitation period; and (4) the general intent to commit the crime. *See State v. Caffrey*, 15 So. 3d 198,

18

202 (La. App. 5th Cir. 2009). The State presented evidence from the victim that petitioner possessed a gun when he robbed her, and witness testimony is sufficient to establish possession by a defendant even when a weapon is not recovered. *See Haynes v. Cain*, No. 11-202, 2014 WL 1028577, at *1 (M.D. La. Mar. 17, 2014). Furthermore, the jury found the victim's testimony credible and credibility determinations are well within the ambit of the jury. *See Jackson v. Virginia*, 443 U.S. 307, 307 (1979). Thus, the findings in the state trial court were supported by record evidence, and petitioner's appellate counsel had no viable insufficient evidence claim to assert.

New Orleans, Louisiana this __2nd__ day of December 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE